UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

WILLIAM ALESIUS,

                 Debtors.
-------------------------------------------------------------x
NEIL H. ACKERMAN, as Trustee of the
Bankruptcy Estate of WILLIAM ALESIUS,

                 Plaintiff,

        - against -

WILLIAM ALESIUS and JOYCE ALESIUS
a/k/a JOYCE BENNETT ALESIUS a/k/a
JOYCE B. ALESIUS a/k/a JOYCE BROOKS,

                 Defendants.
-------------------------------------------------------------x

Case No. 06-71218-478

Chapter 7

Adv. Pro. No. 08-08099-478

# MEMORANDUM DECISION AND ORDER

Appearances:

Meltzer, Lippe, Goldstein & Breitstone, LLP
*Attorneys for the Plaintiff*
By: Kevin R. Toole, Esq.
190 Willis Avenue
Mineola, New York 11501

Rosenberg Musso & Weiner LLP
*Attorneys for the Defendants*
By: Robert J. Musso, Esq.
26 Court Street
Suite 2211
Brooklyn, New York 11242

The Honorable Dorothy Eisenberg, United States Bankruptcy Court

William Alesius (the "Debtor") filed for chapter 7 bankruptcy relief on May 31, 2006, and on May 31, 2008 the Trustee commenced the instant adversary proceeding against the Debtor and his wife Joyce Alesius ("Joyce") (collectively, the "Defendants"). Before the Court is a motion by the Plaintiff/Trustee for this Court to amend its prior Memorandum Decision and Order dated November 1, 2010 (the "November 2010 Memorandum Decision"), and award the Trustee attorneys' fees in the sum of $17,158.00 and costs pursuant to New York Debtor and Creditor Law ("DCL") section 276-a. The Defendants opposed the Trustee's motion, and after a hearing held on January 11, 2011 both parties filed supplemental briefs and the matter was taken under submission. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(A), (E) and (O). The following constitutes the Court's finding of fact and conclusions of law as mandated by Bankruptcy Rule 7052.

### BACKGROUND:

Familiarity with the factual background and the circumstances of the bankruptcy case, this adversary proceeding, this Court's March 26, 2009 Memorandum Decision and Order, and the November 2010 Memorandum Decision is presumed and only the facts relevant to the issues before the Court shall be stated herein.

The Trustee's adversary proceeding complaint raised seven causes of action against the Defendants.[1] In relevant part, the Trustee sought to have this Court find that payments made by the Debtor for the mortgages, utilities, and maintenance and improvements of 8 Wren Court, Commack, New York (the "Commack Property") were fraudulent conveyances from the Debtor to Joyce (the "Property Payments"). In addition, the Trustee sought to have this Court find that monthly payments made on account of a 1981 Silverton 34' inboard motor boat (the "Vessel")

---

[1] The Trustee filed an Amended Complaint on June 3, 2008 and a summons was issued and served on the Defendants.

and the transfer of the Vessel from the Debtor to Joyce (the "Vessel Transfers") were also fraudulent conveyances. A trial was held on the Trustee's allegations, which resulted in this Court's issuance of the November 2010 Memorandum Decision. In the November 2010 Memorandum Decision, this Court denied the Trustee's requested relief as to the Commack Property and the Property Payments. The Court did find that under DCL section 276 and Bankruptcy Code section 548(a)(1)(A) the Debtor acted with actual fraudulent intent with respect to the Vessel Transfers. As such, this Court avoided the Vessel Transfers and found that the Defendants were liable to the Debtor's estate in the amount of $44,500.00.

On November 10, 2010 the Trustee filed the instant motion for this Court to amend the November 2010 Memorandum Decision and award the Trustee attorneys' fees and costs pursuant to DCL section 276-a. The Trustee argues that the fees and costs are appropriate in light of this Court's findings under DCL 276. The Defendants opposed the motion, a hearing was held, and the Court took the motion under submission.

### DISCUSSION:

The Trustee moves for this Court to amend its November 2010 Memorandum Decision pursuant to Federal Rule of Civil Procedure 59, as applicable by Federal Rule of Bankruptcy Procedure 9023. "A motion for reconsideration, which is treated as a motion to alter or amend a judgment, is governed by [Federal Rules of Civil Procedure ("FRCP")] 59(e). A motion for reconsideration should be granted sparingly and in limited circumstances. *In re Parikh*, 397 B.R. 518, 523 (Bankr. E.D.N.Y. 2008). As noted above, this Court's November 2010 Memorandum Decision did find that the Trustee had satisfied his burden under DCL section 276 with respect to the Vessel as the Debtor acted with actual fraudulent intent. As a result, this Court must now

determine whether the Trustee is entitled to attorneys fees and costs under DCL section 276-a. Section 276-a provides in pertinent part that:

> In an action … brought by a . . . trustee in bankruptcy . . . to set aside a conveyance by a debtor, where such conveyance is found to have been made by the debtor and received by the transferee with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, in which action . . . the . . . trustee in bankruptcy . . . shall recover judgment, the justice or surrogate presiding at the trial shall fix the reasonable attorney[s'] fees of the . . . trustee in bankruptcy . . . in such action … and the . . . trustee in bankruptcy . . . shall have judgment therefor against the debtor and the transferee who are defendants in addition to the other relief granted by the judgment.

DCL § 276-a (2011).

A review of case law shows that the Trustee's position is accurate, and the Trustee is entitled to reasonable attorneys' fees. *See e.g.*, *In re Singh*, 434 B.R. 298, 313 (Bankr. E.D.N.Y. 2010) (noting that attorneys' fees may not be awarded against a defendant "without a specific finding that [the defendant] was aware of and participated in the actual fraud"); *Wallach v. Brosnahan (In re Brosnahan)*, 324 B.R. 199, 206 (Bankr. W.D.N.Y. 2005); *Brock v. Weeden (In re Weeden)*, 306 B.R. 449, 464 (Bankr. W.D.N.Y. 2004) (holding that once the Trustee established actual intent to hinder, delay and defraud, the Trustee was "entitled" to reasonable attorneys' fees); *Matter of National Enters., Inc. v. Clermont Farm Corp.*, 2007 NY Slip Op 10008, 3 (N.Y. App. Div. 3d Dep't 2007).

The purpose of section 276-a is to "make whole" a creditor, or here a Trustee, who had to "expend resources to bring a lawsuit by shifting the legal costs of the action to the debtor whose fraud has necessitated the litigation." *Bettijaine Gentry & Gentry Promotions, Inc. v. Kovler (In re Kovler)*, 253 B.R. 592, 598 (Bankr. S.D.N.Y. 2000) ("Nothing in the statute can be read to deprive a creditor who has brought an action and proved actual intent to defraud under Section 276-a of his express statutory entitlement to a judgment for the full amount of the attorneys' fees

necessarily expended to obtain that judgment."). Thus, it is appropriate for this Court to amend its November 2010 Memorandum Decision to include attorneys' fees and costs for the Trustee pursuant to section 276-a. As such, the Trustee's motion with respect to the Court amending its November 2010 Memorandum Decision is granted.

Now the Court turns to the amount of reasonable attorneys' fees to be awarded to the Trustee. The Trustee seeks attorneys' fees in the sum of $17,158.00, and he argues that this amount is reasonable because it represents 20% of the Trustee's total attorneys' fees incurred in this adversary proceeding, which was $85,790.00. The Defendants' assert that it would be more appropriate for this Court to award the Trustee, if anything, 5% of the total attorneys' fees incurred, which is $4,289.50.

A review of the adversary proceeding complaint, the amended adversary proceeding complaint, the motion papers, this Court's previous decisions in this matter and the trial transcript reveal that a significant focus of the Trustee's prosecution of the Defendants was on the Commack Property and the Property Payments. The transcripts of the trial that resulted in the November 2010 Memorandum Decision shows that of approximately 215 pages of trial testimony, only roughly 30 pages contained questions and testimony regarding the Vessel and the Vessel Transfer; the remainder of the trial was focused on the Commack Property and the Property Payments. In addition, Trustee's counsel utilized the services of several attorneys, causing overlap of legal services and services not resulting in a substantial benefit to the bankruptcy estate.

Thus, this Court finds the Trustee's total requested fee to be unreasonable in light of the underlying facts and the extent of appropriate litigation in this adversary proceeding. In light of the entirety of the background of this adversary proceeding, the focus of the trial, and this

Court's previous decisions, this Court finds that pursuant to DCL section 276-a, $5,500.00 in attorneys' fees for the Trustee would be reasonable.

In addition, this Court finds that the Trustee is also entitled to reasonable costs related to the prosecution of this adversary proceeding in the sum of $1,740.18, representing the following: (1) subpoena fee for Defendant Joyce Alesius ($65.40); (2) subpoena fee for Defendant William Alesius ($65.40); (3) transcription services paid to Compu-Scribe, Inc. on May 5, 2010 ($895.38); and (4) transcription services paid to Compu-Scribe, Inc. on June 3, 2010 ($714.00).

<u>**CONCLUSION:**</u>

Pursuant to the above findings of facts and conclusions of law, under DCL section 276-a the Trustee is awarded attorneys' fees in the sum of $5,500.00 and costs in the sum of $1,740.18.

So ordered.



**Dated: Central Islip, New York**
**May 10, 2011**

**Dorothy Eisenberg**
**United States Bankruptcy Judge**

6